IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| RENATO DEPAOLIS, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) 1:25-cv-758 (PTG/IDD) |
| | ) |
| ADVANCED STRATEGIC INSIGHT, INC., | ) |
| *et al.* | ) |
| | ) |
| *Defendants.* | ) |
| | ) |

## MEMORANDUM ORDER

This matter comes before the Court on Defendant Advanced Strategic Insight, Inc.'s Partial Motion to Dismiss (Dkt. 16) and Defendant John Boehm's Motion to Dismiss (Dkt. 19). Plaintiff Renato DePaolis brings suit against Defendants Advanced Strategic Insight, Inc. ("ASI") and his former supervisor, John Boehm, raising alleged violations of the underlying employment agreement, the Virginia Wage Payment Act ("VWPA"), Virginia's Fraud and Abuse Whistleblower Protection Act ("Whistleblower Act"), and a common law claim for wrongful termination based on the public policy set forth in the Whistleblower Act ("*Bowman*[1] claim"). Defendants filed individual motions to dismiss. Both ASI and Mr. Boehm seek to dismiss Plaintiff's *Bowman* claim on the grounds that the Whistleblower Act provides an exclusive remedy and therefore precludes a common law remedy. *Id.* Mr. Boehm additionally moves to dismiss the remaining counts against him, on the grounds that Plaintiff has not alleged a basis to pierce the

---

[1] *Bowman v. State Bank of Keysville* established a private right of action for employees bringing wrongful discharge claims where the termination violates "a right conferred by statute [that] is in furtherance of established public policy." 331 S.E. 2d. 797, 801 (Va. 1985).

1

corporate veil and Mr. Boehm does not qualify as an "employer" under the VWPA and Whistleblower Act. Dkt. 19. For the reasons set forth below, the Court grants both motions.

## BACKGROUND[2]

This dispute concerns Plaintiff's earned bonus wages and post-termination requirements under his employment agreement during his time as the Chief Operating Officer and Chief Strategy Officer of ASI. Dkt. 1 ("Compl.") ¶¶ 27, 73. ASI is an "S Corporation" incorporated in Delaware, and, at the time of the allegations, Mr. Boehm served as ASI's President and primary owner. *Id.* ¶¶ 5, 9. On March 5, 2024, Plaintiff and ASI entered into a contract regarding Plaintiff's compensation package (the "Contract"). *Id.* ¶ 27. In relevant part, the Contract provides for annual bonus wages based on ASI's corporate cash basis net profits and allows Plaintiff to seek a one-time advancement of all bonus wages achieved by the end of the third fiscal quarter of 2024 ("Q3/2024 bonus"). *Id.* ¶¶ 28-30, 42.

On November 3, 2024, Plaintiff requested an advance of his Q3/2024 bonus. *Id.* ¶ 43. Although Plaintiff had expected approximately $700,000, Mr. Boehm informed Plaintiff he would receive $370,000 in bonuses based on ASI's forecasted corporate cash basis net profits. *Id.* ¶¶ 43-47, 49. By the end of 2024, "Plaintiff learned information leading Plaintiff to reasonably believe Boehm was improperly including his personal income taxes payment or obligation as an ASI corporate expense to claim or misrepresent a reduced corporate cash basis net profit." *Id.* ¶ 51. Upon Plaintiff's request to review ASI's 2024 financial statements, Mr. Boehm granted Plaintiff access to ASI's December 2024 bank statement. *Id.* ¶¶ 57-58. When Plaintiff sought clarification on whether a 37% expense reduction from ASI's profits in the statements reflected Boehm's

---

[2] In considering a motion to dismiss for failure to state a claim, as is the case here, "a court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff[.]" *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009).

2

federal income taxes, Mr. Boehm declined to clarify and asserted the bonus wages were not negotiable. *Id.* ¶¶ 60-62.

On March 8, 2024, Plaintiff filed a complaint with Mr. Boehm and the Senior Vice President of Corporate Affairs stating that Mr. Boehm had "knowingly and improperly manipulated ASI's corporate cash basis net profits" to include his personal federal income tax payments as corporate expenses, thus yielding lower profits and bonuses "in violation of Plaintiff's wage payment rights." *Id.* ¶ 65. A few hours later, Mr. Boehm placed Plaintiff on administrative leave, reasoning that he and Plaintiff "were no longer aligned in the best interest of ASI." *Id.* ¶¶ 66-67. On March 10, 2025, the Human Resources Director and Mr. Boehm notified Plaintiff during a call that he could either resign by the evening "to receive a favorable employment reference" or be terminated. *Id.* ¶ 71. On March 11, 2025, Plaintiff was terminated *Id.* ¶ 73.

On May 1, 2025, Plaintiff filed the instant Complaint. Dkt. 1. The Complaint raises four claims against Defendants: violation of the VWPA, Va. Code § 40.1-29 (Count I); breach of contract (Count II); violation of the Whistleblower Act, Va. Code § 40.1-27.3 (Count III); and a *Bowman* claim for wrongful termination in violation of the policy set forth in the Whistleblower Act (Count IV). *Id.* ¶¶ 103-37. Plaintiff seeks actual, indirect, and punitive damages against Defendants, joint and severally. *Id.* at 26-27. On June 12, 2025, Defendants filed their respective motions. Dkts. 16, 19.

## LEGAL STANDARD

To survive a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a complaint must set forth "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility requirement mandates that a plaintiff "demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). Accordingly, a complaint is insufficient if it relies upon "naked assertions" and "unadorned conclusory allegations" devoid of "factual enhancement." *Id.* (citing *Iqbal*, 556 U.S. at 679 and *Twombly*, 550 U.S. at 557). When reviewing a motion brought under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint," drawing "all reasonable inferences" in the plaintiff's favor. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted).

## DISCUSSION

The Court first addresses the parties' arguments as to Count IV and then turns to Mr. Boehm's arguments as to the remaining counts.

### *Count IV (Bowman Claim) as to ASI and Mr. Boehm*

Under Virginia law, a *Bowman* claim creates a narrow common law exception to the general presumption of at-will employment and confers a private right of action for employees to bring wrongful discharge claims where the termination violates "[a] right conferred by statute [that] is in furtherance of established public policy." *Bowman v. State Bank of Keysville*, 331 S.E. 2d. 797, 801 (Va. 1985). An employee raising a *Bowman* claim on the basis of a statute's express public policy must "clearly [be] a member of that class of persons directly entitled to the protection enunciated by the public policy." *Rowan v. Tractor Supply Co.*, 559 S.E.2d 709, 711 (Va. 2002). Virginia courts have "consistently characterized [the public policy] exception[] as 'narrow.'" *Williams v. TMS Int'l, LLC*, No. 3:21-cv-260, 2021 WL 4071868, at *4 (E.D. Va. Sept. 9, 2021) (internal citations and quotations omitted) (alterations in original).

The Whistleblower Act provides that an employee alleging a violation of the Act "may bring a civil action in court . . . [and] [t]he court may order as a remedy to the employee" injunctive relief, reinstatement, and compensatory damages. Va. Code Ann. § 40.1-27.3(C). Courts applying Virginia law have held that the Whistleblower Act provides an exclusive remedy, such that it cannot form a basis for a *Bowman* claim. *See Mirshahi v. Patient First Rich. Med. Grp., LLC*, No. 3:23-cv-495, 2024 WL 3823991, at *8 (E.D. Va. Aug. 13, 2024) (holding that because the Whistleblower Act "creates a cause of action and provides its own remedy, it cannot support a common law *Bowman* claim"); *Moschetti v. Off. of the Inspector Gen.*, No. 3:22-CV-24, 2022 WL 3329926, at *9 (E.D. Va. Aug. 11, 2022) ("Va. Code Ann. §§ 40.1-27.3 [the Whistleblower Act] and 2.2-3011[] create causes of action and provide remedies in themselves, and thus cannot be used to sustain a *Bowman* claim.") (citation omitted). In accordance with this precedent, this Court finds that a *Bowman* claim cannot be premised on the Whistleblower Act and grants both ASI and Mr. Boehm's motions to dismiss Count IV.[3]

### *Counts II (Breach of Contract) as to Mr. Boehm*

Under Virginia law, a breach of contract claim must allege: "(1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." *Filak v. George*, 594 S.E.2d 610, 614 (Va. 2004). Mr. Boehm argues that the breach of contract claim should be dismissed as to him because he is not a party to the underlying employment agreement. Dkt. 20 at 3. Plaintiff, however, contends that he can seek remedies for breach of contract against Mr.

---

[3] Plaintiff avers that the Whistleblower Act does not provide an exclusive remedy here, because the legislature "expressly created an alternative statutory remedy for these same operative facts under Va. Code § 40.1-33.2(B)," referring to the VWPA. Dkt. 27 at 3. However, the availability of remedies under the VWPA does not bear on whether the Whistleblower Act provides an exclusive remedy for violations under *its* provisions.

Boehm under a corporate veil piercing theory. Dkt. 28 at 4. The Court finds that the allegations in the Complaint do not support a breach of contract claim against Mr. Boehm.

At the outset, the Court agrees that Plaintiff has not alleged that Mr. Boehm is a party to the employment agreement, such that he could be held liable under a breach of contract claim. *See Scheurer-Henry v. Envoy of Rich., LLC*, No. 3:21-cv-376, 2021 WL 5755335, at *7 (E.D. Va. Dec. 3, 2021) (quoting *Jones v. Pro. Hosp. Res., Inc.*, 35 Va. Cir. 458, 462-63 (Va. Cir. Ct. 1995)) (stating that where supervisor was not a party to the employment agreement with the plaintiff, she "cannot be held individually liable for breach of contract.").[4]

Furthermore, the allegations in the Complaint do not sufficiently support corporate veil piercing. Contrary to Plaintiff's argument, the Court may properly assess allegations of corporate veil piercing at the motion to dismiss stage. *See Job v. Simply Wireless, Inc.*, 160 F. Supp. 3d 891, 901-02 (E.D. Va. 2015) (denying Rule 12(b)(6) motion to dismiss given sufficient allegations of veil piercing); *William v. AES Corp.*, 28 F. Supp. 3d 553, 561 (E.D. Va. 2014). Under Delaware law, to successfully pierce the corporate veil and hold an individual responsible, a plaintiff must show that individual's "complete domination and control" such that the entity "no longer has legal or independent significance of its own[.]"[5] *PR Acquisitions, LLC v. Midland Funding, LLC*, 2018 WL 2041521, at *15 (Del. Ch. Apr. 30, 2018) (citation and quotation marks omitted). Courts look to several factors, including corporate formalities like adequate capitalization, solvency, and maintenance of corporate records as well as "whether, in general, the corporation simply functioned as a façade for the dominant shareholder." *Harco Nat. Ins. Co. v. Green Farms. Inc.*,

---

[4] Boehm refers to an employment agreement attached to his Motion as "Exhibit A"; however, the Motion does not include any such exhibit. *See* Dkt. 20 at 3.

[5] In Virginia, "the law of the state of incorporation determines whether the corporate veil may be pierced." *C.F. Trust, Inc. v. First Flight Ltd. P'ship*, 359 F.Supp.2d 497, 501 n. 6 (E.D. Va. 2005)

1989 WL 110537, at *4 (Del. Ch. Sept. 19, 1989). In other words, the corporation must be a "sham and exist for no other purpose than as a vehicle for fraud." *Wenske v. Blue Bell Creameries, Inc.*, 2018 WL 3337531, at *15 (Del. Ch. July 6, 2018) (citation omitted). The standard for piercing the veil is high under Delaware law. *See Harco Nat. Ins. Co.*, 1989 WL 110537, at *4 ("It should be noted at the outset that persuading a Delaware Court to disregard the corporate entity is a difficult task.").

The Complaint's allegations do not state a plausible claim for corporate veil piercing. Plaintiff contends that Mr. Boehm "co-mingled, combined, and conflated his personal monies and accounts with those of ASI" but offers no additional detail on what information led to that conclusory statement. Compl. ¶ 16. Further, the allegations that Mr. Boehm "[m]ade and authorized all decisions" relating to the alleged withholding of his bonus and his termination amount to ordinary supervisory duties, not fraud. *Id.* ¶¶ 11, 18. Plaintiff's other allegations demonstrate corporate formalities within ASI. *Id.* ¶¶ 47, 58 (referring to ASI's bank statements and accounting system data); *id.* ¶¶ 27, 47, 71 (referring to functional corporate director roles held by several people). Nor are the facts underlying the breach of contract and statutory claims sufficient here to establish fraud for corporate veil piercing, where "Delaware law requires that the fraud or injustice be found in the defendant's use of the corporate form itself." *Harrison v. Soroof Int'l, Inc.*, 320 F. Supp. 3d 602, 620 (D. Del. 2018). Therefore, the Court dismisses Count II against Mr. Boehm.

### *Counts I (Virginia Wage Payment Act) and III (Whistleblower Act)*

Because Plaintiff has not alleged sufficient facts to pierce the corporate veil, his claims under the VWPA and Whistleblower Act must also be dismissed. Plaintiff contends that even without veil piercing, Mr. Boehm can be liable as an "employer" under the Whistleblower Act on the grounds of joint employer liability. Dkt. 28 at 7. Conversely, Plaintiff concedes that the VWPA does not recognize joint employer liability for individuals under Va. Code § 40.1-2. Dkt. 28 at 7 n.14; *see Cornell v. Benedict*, 878 S.E.2d 191, 195 (Va. 2022) (finding no joint employer liability under the VWPA based on the plain meaning of Va. Code § 40.1-2).

As with the VWPA, the definition of "employer" under the Whistleblower Act also derives from Va. Code § 40.1-2. *Moschetti*, 2022 WL 3329926, at *10. Accordingly, in light of *Cornell v. Benedict* and Plaintiff's concession as to the VWPA, the Court finds that Mr. Boehm does not qualify as an "employer" under the Whistleblower Act either. *See* 878 S.E.2d at 195. For these reasons, the Court grants Mr. Boehm's Motion to dismiss Counts I and III against him.

### CONCLUSION

For the reasons stated above, the Court grants both ASI and Mr. Boehm's Motions. Because amendment would be futile with respect to Count IV (*Bowman* Claim) as to both Defendants and Counts I (VWPA) and III (Whistleblower Act) as to Mr. Boehm, the Court dismisses those claims with prejudice. Accordingly, it is hereby

**ORDERED** that Defendant ASI's Partial Motion to Dismiss (Dkt. 16) is **GRANTED**. Count IV (*Bowman* Claim) is **DISMISSED with prejudice** as to ASI. Counts I (VWPA), II (Breach of Contract), and III (Whistleblower Act) remain pending as to ASI; it is further

**ORDERED** that Defendant John Boehm's Motion to Dismiss (Dkt. 19) is **GRANTED**. Count II (Breach of Contract) is **DISMISSED without prejudice** as to Mr. Boehm. Counts I (VWPA), III (Whistleblower Act), and IV (*Bowman* Claim) are **DISMISSED with prejudice** as to Mr. Boehm; and it is further

**ORDERED** that Plaintiff shall have fourteen (14) days from the date of this Order to file any amended complaint.

Entered this 13th day of March, 2026.
Alexandria, Virginia

/s/
Patricia Tolliver Giles
United States District Judge